IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03137-STV

GLOBAL CONSTRUCTION, LLC,

    Plaintiff,

v.

DANIEL BROWNING,
LESLIE KINSON, and
FOREFRONT RENOVATIONS, LLC,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court *sua sponte* upon Plaintiff's failure to respond to this Court's Order to Show Cause. For the following reasons, the Court directs the Clerk of Court to reassign this case to a District Judge, and respectfully **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** based upon Plaintiff's failure to prosecute.

    Plaintiff, represented by counsel, initiated this civil action on December 5, 2022, naming Daniel Browning, Leslie Kinson, and Forefront Renovations, LLC as defendants. [#1] On January 25, 2023, Plaintiff submitted an affidavit of service upon Defendant Leslie Kinson [#9], who filed an answer on February 16, 2023 [#12]. On February 6, 2023, Plaintiff sought an extension of time until April 10, 2023 to serve defendant Daniel Browning [#10], which the Court granted [#11]. No proof of service upon Mr. Browning

1

has been filed, and no further extensions have been sought or granted.[1]  Nor has proof of service upon Forefront Renovations, LLC been filed, and no extensions of service upon this defendant have been sought or granted.

On December 22, 2022, the Court set this matter for a Scheduling Conference on February 28, 2023.  [#8]  The Court ordered that a consent form be filed on or before February 14, 2023, and that a proposed scheduling order be filed on or before February 21, 2023.[2]  Neither form was timely filed, and no cause was provided.  The Court sua sponte reset the Scheduling Conference for April 26, 2023, and extended the deadlines to file a consent form until April 12, 2023 and a proposed scheduling order until April 19, 2023. [#13]  Once again, neither form was filed, and no cause was provided.  The Court converted the Scheduling Conference to a Status Conference, set for the same date, time, and location. [#19]  Plaintiff failed to appear at the April 26, 2023 Status Conference, either in person or by telephone, with no cause provided.  [#21]  The Court issued an Order to Show Cause, with a deadline to respond of May 17, 2023.  [#23]

On May 9, 2023, Plaintiff's counsel filed a motion to withdraw as counsel.[3]  [#24]  The Court held a Motion Hearing at which a representative for Plaintiff made an appearance. [#27]  Plaintiff's representative informed the Court that Plaintiff was unaware

---

[1] Plaintiff filed a Motion to Allow Alternative Service upon Mr. Browning.  [#15]  That Motion did not request an additional extension of time to serve Mr. Browning, instead requesting that Plaintiff "be allowed to perform service [upon Mr. Browning] by alternative means as the Court directs."  [*Id.*]  The Court denied Plaintiff's Motion for failure to provide legal authority in support of the request, and ordered that "Plaintiff shall follow the rules for service as provided by Federal Rule of Civil Procedure 4."  [#17]

[2] Pursuant to D.C.COLO.LCivR 16.1:  "Except in cases removed to this court or cases where the parties have agreed otherwise, plaintiff shall file the proposed scheduling order."

[3] Plaintiff's counsel represented that she had been under the impression that a motion to withdraw had been filed on her behalf in March 2023.  [#24 at 1]

2

of its counsel's failures to prosecute this matter, and was actively seeking replacement counsel. [*Id.*] The Court granted the motion to withdraw as counsel, leaving Plaintiff with no representation.[4] [*Id.*] The Court extended the deadline for Plaintiff to respond to the Order to Show Cause until May 31, 2023. [*Id.*] Plaintiff was advised that without appearance of substitute counsel and a response to the pending Order to Show Cause on or before May 31, 2023, the Court would recommend dismissal of this case without prejudice. [*Id.*] No response has been received, and no counsel has entered for Plaintiff.

Based upon Plaintiff's failures to comply with Court orders, attend hearings set by the Court, or take otherwise appropriate actions to prosecute this case, the Court finds it appropriate to issue this Recommendation for dismissal without prejudice based upon Plaintiff's failure to prosecute its claims.[5] Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citing *Link v. Wabash R. Co.*, 370 U.S. 616, 630- 31 (1962)). Accordingly, D.C.COLO.LCivR 41.1 states that:

---

[4] As a legal entity, Plaintiff "may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LAttyR 5(b).

[5] "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

"A dismissal with prejudice . . . is a harsh remedy" and before dismissing a matter with prejudice for failure to prosecute or comply with court orders a court "should ordinarily first consider certain criteria." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)). In considering dismissal with prejudice under Rule 41(b), courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 931 (10th Cir. 2015). In contrast, "'a district court may, without abusing its discretion, [dismiss a matter without prejudice] without attention to any particular procedures.'" *Id.* (quoting *Nasious*, 492 F.3d at 1162).

Here, the Court determines that dismissal without prejudice is appropriate. Specifically, Plaintiff has represented that it was unaware of its counsel's failures to prosecute this matter, and it appears that from March 2023 until May 2023 Plaintiff's counsel was under the mistaken impression that she had been withdrawn from this matter. [*See* ##24; 27] Thus, the Court is unable to conclude that "[i]t is [P]laintiff's acts, not those of [its] counsel, which are at issue here." *Ehrenhaus*, 965 F.2d at 921 (quotation omitted). Moreover, the Court specifically warned Plaintiff's representative that the

4

recommended sanction for failure to acquire substitute counsel and file a response to the pending Order to Show Cause would be dismissal without prejudice.  [#27 ("If counsel does not enter for Plaintiff and Plaintiff does nothing by the May 31 deadline, then the Court will recommend dismissal of the case without prejudice."]   An alternative recommendation at this point, without any significant change in circumstances, would upset the expectations of Plaintiff and the Defendant who has appeared.  Accordingly, this Court directs the Clerk of Court to reassign this matter to a District Judge, and respectfully **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.[6]

DATED:  June 5, 2023

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Griego v. Padilla (In re Griego), 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  See Vega v. Suthers, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc., 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  But see, Morales-Fernandez v. INS, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).